IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 23 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-01445-BNB

CRAIG BJORK,

      Plaintiff,

v.

[NO NAMED DEFENDANT],

      Defendant.

## ORDER DISMISSING CASE

Plaintiff, Craig Bjork, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He attempted to initiate this action by filing *pro se* an *ex parte* letter to the Honorable Marcia S. Krieger and a copy of a letter to the inspector general of the Department of Justice.

In an order filed on July 10, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Bjork to cure within thirty days certain enumerated deficiencies in the case. Specifically, Mr. Bjork was directed either to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 or to pay the $350.00 filing fee. He also was directed to submit a Prisoner Complaint. The July 10 order warned Mr. Bjork that failure to cure the designated deficiencies within the time allowed would result in the dismissal of the instant action.

On July 18 and 23, 2007, Mr. Bjork submitted letters to the clerk of the Court and to Magistrate Judge Boyd N. Boland respectively informing the Court that he never intended to initiate a civil action and that he only intended to submit a personal letter to Judge Krieger. Mr. Bjork fails to understand that pursuant to D.C.COLO.LCivR 77.2 no party to an action shall send letters, pleadings, or other papers directly to a judicial officer.

The Court must construe liberally the July 18 and 23, 2007, letters because Mr. Bjork filed the letters on his own behalf. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will construe the July 18 and 23 letters liberally as a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

Rule 41(a)(1) provides that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." No response has been filed by the unnamed Defendant in this action. A voluntary dismissal pursuant to Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. *See Hyde Constr. Co.*, 388 F.2d at 507. Accordingly, it is

ORDERED that the letters that Plaintiff Craig Bjork submitted to and filed with the Court on July 18 and 23, 2007, are construed liberally as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1). It is

2

FURTHER ORDERED that the voluntary dismissal is effective as of July 18, 2007, the date the first liberally construed notice of dismissal was filed in this action. It is

FURTHER ORDERED that the action is dismissed without prejudice. It is

FURTHER ORDERED that Mr. Bjork comply with D.C.COLO.LCivR 77.2 and refrain from further *ex parte* communications with judicial officers. It is

FURTHER ORDERED that judgment is entered in favor of the unnamed Defendant and against Plaintiff.

DATED at Denver, Colorado, this 22 day of _____ Aug, _____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 07-cv-01445-BNB

Craig Bjork
Reg. No. 16172-045
USP- ADXMAX
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on ___8/23/17___

GREGORY C. LANGHAM, CLERK

By:_____
        Deputy Clerk